Kaplan, Admr., *v.* Martin et al., Appellants.

Argued October 25, 1934.

Before TREXLER, P. J., KELLER,

Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*William A. Gray*, for appellants.

*Morris Gerber*, and with him *I. Nathaniel Treblow*, for appellee.

Opinion by Stadtfeld, J., February 1, 1935:

This is an appeal by defendant from a final decree entered for insufficient answer to the bill of complaint.

The amended bill of complaint sets forth that complainant is the administrator of the estate of David Cable who was a member in good standing of the International Brotherood of Electrical Workers, Local Union 98 of Philadelphia, Pa., an unincorporated association; that the said David Cable became permanently disabled on or about November 1, 1931, and on or about March 1, 1932, made formal application for permanent disability benefits in accordance with Article twelve, Section eight of the by-laws of the association, providing as follows: "Any member permanently disabled and so declared by a physician satisfactory to the executive board shall, upon application, be paid a sum equal to $1 a member. Such member shall then be given a withdrawal card from the local union."

The bill further avers that on or about March 21, 1932, the executive board of the said association granted the. application of said David Cable, deceased, for permanent disability benefits and informed him of said action by letter dated April 6, 1932, copy of which is attached to the bill; that by virtue of the action of the executive board, in accordance with the authority given it by the constitution and by-laws of the association, copies of which are attached to the bill, and by virtue of Article twelve, Section eight, of the by-laws, the said David Cable became entitled to the sum equal to $1 per member; that there were at the time 1200 members, and that there became due on March 31, 1932, to the said Cable, the sum of $1200, less a credit of $177.70 due to the association from him.

The material part of the answer of defendant, necessary for our consideration, avers that the said action by the executive board had no final force or effect and was merely advisory, because Section 13 of Article XX of the Constitution provides as follows: "Sec. 13. The board shall submit a report of its actions and findings to each regular meeting of the local union for approval—except that no approval or disapproval is to be made or action taken by the local union, nor is any discussion to be allowed, when the board reports on the cases of members charged with violations of this Constitution, or the by-laws and working rules of the local union"; that the next regular meeting of the local union following that of the executive board, awarding the benefits to plaintiff's decedent, was held on April 12, 1932; that the said David Cable had died on April 10, 1932, and that the local union at that meeting refused the application for disability benefits for the reason "that the said David Cable was then dead." The answer further averred that the action of the local union was "in accordance with the letter and spirit of said constitution and by-laws, for the reason

that the constitutional provisions have always been construed by the officers and members of the local union as being intended only for the personal benefit of living members of the said local union, and not for the benefit of dependents or representatives of deceased members''; that in the constitution and by-laws provision is made for payment of death benefits to the dependents of deceased members, and that the defendant association on or about April 15, 1932 had paid death benefits in the sum of $2,000 to Maude V. Cable, widow of David Cable, deceased; that at the times mentioned in the bill, the defendant association consisted of 791 members in good standing, but denied that any sum was due to the said David Cable.

On a rule for final decree for insufficient answer, the court, in an opinion by Lewis, J., entered a decree in favor of plaintiff in the sum of $613.30 with interest from March 31, 1932, or a total of $683.80. From that decree this appeal was taken.

The right of plaintiff to recover must depend upon the construction of the Constitution and by-laws of defendant association as set forth in the pleadings.

The local union, of which decedent was a member, according to Art. 2, Sec. 1 of the by-laws, meets on the second Tuesday of each month. Between such regular meetings the business of the organization is conducted by an executive committee, consisting of seven members and called the executive board.

Sec. 9 of Art. XX of the Constitution provides: "The L. U. (local union) executive board shall hold meetings between regular meetings of the L. U. It shall have power to take any action that the L. U. can take, and which should be taken prior to the next regular meeting of the L. U........"

Under Sec. 13 of Art. XX, referred to supra, the board must submit a report of its actions and findings,

except in certain matters specified, to each regular meeting of the Union for approval.

Art. 3, Sec. 12, of the by-laws provides that the board shall submit a report if its actions and findings to each regular meeting of the Local Union in accord with Art. XX, Sec. 13 of the Constitution.

Plaintiff's claim is based on Art. 12, Sec. 8 of the by-laws, quoted supra, and on the action of the executive board, as communicated to him by letter of April 6, 1932, quoted in the bill. This letter specifically states: "...... *This claim cannot be paid upon until after the minutes of the executive board meeting, at which this claim was granted, have been approved by the next regular meeting of the body, which will be on April 12th.*" (Italics supplied.)

Art. 12, Sec. 8 of the by-laws, providing for payment of disability benefits, is apparently subject to the provisions of Art. 3, Sec. 12 of the by-laws, and to Art. XX, Sec. 13, of the Constitution, and that no decision of the executive board to pay disability benefits is final or conclusive, but that the same is subject to review by all the members of the union in regular meeting. By said Section 13, the only decisions of the board which are of final effect, and not subject to the approval of the general meeting, are decisions involving violations of the laws and rules of the union. If it were intended to make the decisions of the board on application for disability benefits final, it would have been so specified in the exceptions stated.

Attention is called to the provision in Art. 12, Sec. 8, under which the claim is made, that upon the payment of such disability benefits, "Such member shall then be given a withdrawal card from the local union." The effect of such withdrawal card is not stated, but the natural inference would be that the member's rights would thereafter cease, and in such event his dependents or personal representatives would not be

entitled to "death benefits," which in the instant case were paid to decedent's widow. In other words, "disability benefits" and "death benefits" were not intended to be cumulative, and disability benefits were intended to be paid to living members only. At all events, we do not think that, in a matter of such importance, the duty or power of the local union, in passing on the action of the executive board, was merely ministerial.

Under Par. 9 of the answer defendant avers that the Constitutional provisions relating to payment of disability benefits have always been construed by the officers and members of the local union "as being intended only for the personal benefit of living members of the said local union, and not for the benefit of the dependents or representatives of deceased members."

The assignment of error is sustained and the decree of the lower court is reversed with a procedendo.